

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00466-CR

EFRAIN BARRETERO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Efrain Barretero entered an open plea of guilty to one count of aggravated robbery with a deadly weapon. After a sentencing hearing before the court in which the State offered Appellant's presentence investigation report and Appellant's mother testified, the trial court accepted Appellant's guilty plea and sentenced him to fifteen years' confinement.

---

[1]See Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Appellant filed a pro se brief in response.[2] The State did not file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 619–20 (Tex. Crim. App. 2003).

---

[2]Appellant asserts in his pro se brief that he received ineffective assistance of counsel.

We have carefully reviewed the record, counsel's brief, and Appellant's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 5, 2012